IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Progressive Northern Insurance Company, | ) ) ) | C/A No.: 3:11-cv-3002-JFA |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **ORDER** |
| Accident Insurance Company, Inc; Sharon Hudson Brown, Personal Representative of the Estate of Carey Richard Brown, Kenneth Fox individually and d/b/a FoxBoy Trucking; Joseph North; Derrick Richard individually and d/b/a Redcliffe Trucking, LLC; Redcliffe Trucking, LLC; Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | |

This matter comes before the court pursuant to defendant Brown's motion to dismiss (ECF No. 20). The parties have fully briefed this matter, and the court also invited oral argument. For the reasons stated below, the court hereby denies defendant Brown's motion to dismiss.

## I.   FACTUAL AND PROCEDURAL HISTORY

In this case, Progressive Northern Insurance Company (Progressive) seeks a declaratory judgment as to coverage for Fox, FoxBoy trucking, and North under an insurance policy it issued. Defendant Sharon Hudson Brown (Brown) is the plaintiff—as personal representative of the estate of Carey Richard Brown—in a negligence action currently pending in Orangeburg County against Kenneth Fox, FoxBoy Trucking

(FoxBoy), and Joseph North.  Brown filed the state court action after Progressive filed this declaratory judgment action in this court.  Progressive argues that it provides non-trucking liability insurance coverage for Fox, FoxBoy, and North.  In the complaint, Progressive alleges that the accident occurred as a part of FoxBoy's trucking work and was not covered under the policy it issued to Fox.  Therefore, Progressive filed this declaratory judgment action seeking to litigate the issue of "whether it is required by South Carolina law to defend and indemnify Fox, FoxBoy and North for the claims asserted by Brown in the state court action and, if so, what are the applicable limits of the coverage Progressive must provide." (Pl.'s Mem. Opp. to Mot. to Dismiss 2, ECF No. 21.)

Defendants Sharon Brown and Accident Insurance Company have answered.  The other defendants have not answered, and upon the plaintiff's request, the clerk entered default as to defendants Redcliffe Trucking, LLC; Derrick Richard; Kenneth Fox; and Joseph North.  Defendant Brown now asks this court to dismiss this action, arguing that the court should decline to exercise its discretionary jurisdiction under the declaratory judgment statute because South Carolina has a substantial interest in interpreting South Carolina insurance coverage law, which is the nature of the action filed by the plaintiff.

## II.    LEGAL STANDARD

Federal jurisdiction under the Declaratory Judgment Act is discretionary.  *See* 28 U.S.C. § 2201(a) (1996) ("In a case of actual controversy, [a district court] *may* declare the rights and other legal relations of any interested party.") (emphasis added).   When a related proceeding is pending in a state court, "'considerations of federalism, efficiency,

and comity' should inform the district court's decision whether to exercise jurisdiction over a declaratory judgment action." *Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) (quoting *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996)).  The Fourth Circuit has identified "four facts for guiding the analysis" of a district court when it determines whether to proceed with a federal declaratory judgment action when a parallel state action is pending:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

*Id.* (quoting *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493–94 (4th Cir. 1998)). In sum, a district court should avoid "gratuitous interference" when "another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court."  *Coffey*, 368 F.3d at 412 (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995).

## III.  DISCUSSION

The court finds that this is not a case where it should decline to exercise its jurisdiction.  The case before this court does not involve overlapping issues of law and facts with the state action.  The issues before this court involve insurance coverage and will likely require inquiry into whether the accident occurred in the course of a trucking business.  The state suit involves issues of negligence and causation.  Thus, it is unlikely that this court would be required to address the same factual issues that would later arise

in the state action.  Accordingly, this court could resolve the disputed coverage issues without becoming entangled in the tort issues pending in state court.

Moreover, the other factors identified by the Fourth Circuit also point toward this court exercising its discretionary jurisdiction.  While the state does have an interest in resolving insurance issues, the parties indicate that South Carolina courts have already addressed one of the key issues, and it is unlikely that this court would break any new ground.  *See Bovain v. Canal Ins.*, 383 S.C. 100, 678 S.E.2d 422 (2009).  As to efficiency, the case before this court involves a coverage issue that could not be litigated in the underlying state tort case, and two actions will be necessary to resolve all of the contested issues.  *See, e.g.*, *Dunn v. Charleston Coca-Cola Bottling Co.*, 311 S.C. 43, 44–45, 426 S.E.2d 756, 757–58 (1993) (holding that defendants' liability insurance shall not be made known to the jury).  Finally, there is little evidence of procedural fencing as this case was filed first and the question presented here would not be addressed by nor resolved by the state tort action.

## IV.  CONCLUSION

For the reasons outlined above, the court hereby denies the motion to dismiss and will exercise jurisdiction over the case.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

February 22, 2012                                Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge